**Razmik TORGOMYAN; Gohar Ayvazyan, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73276.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 28, 2009.

Artem M. Sarian, Esquire, Sarian Law Group, APLC, Glendale, CA, for Petitioners.

Razmik Torgomyan, Glendale, CA, pro se.

Gohar Ayvazyan, Glendale, CA, pro se.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Razmik Torgomyan and Gohar Ayvazyan, husband and wife, and natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

§ 1252. We review for substantial evidence, *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000), and we deny the petition for review.

The record does not compel the conclusion that Torgomyan demonstrated extraordinary circumstances to excuse the late filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(5).

Substantial evidence supports the agency's adverse credibility determination based on the IJ's demeanor finding, *see Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (special deference given to demeanor findings based on non-verbal communication), and based Torgomyan's vague and implausible testimony about how he discovered the missing fuel, *see Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Because the BIA had reason to question Torgomyan's credibility, the BIA reasonably took into account Torgomyan's failure to provide corroborating evidence in support of his claim of persecution, *see Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000) and we are not compelled to conclude that corroborating evidence was unavailable, *see* 8 U.S.C. § 1252(b)(4)(D). Accordingly, Torgomyan's withholding claim fails. *See Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003) (only one supported finding is sufficient to support an adverse credibility determination).

Because Torgomyan's CAT claim is based on the same statements found to be not credible, and he does not point to any other evidence in the record that would compel a finding that it would be more likely than not that he would he would be tortured if returned to Armenia, substantial evidence supports the BIA's denial of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–1157 (9th Cir.2003).

Torgomyan's request for oral argument is denied.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.